# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 18 CV 3436 |
| v. ) | |
| ) | Judge Ronald A. Guzmán |
| KEVIN REED, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Before the Court are Kevin Reed's pro se petition to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 and motions for discovery and an evidentiary hearing, which are denied for the reasons set forth below.

## BACKGROUND

On May 1, 2013, Kevin Reed was indicted on six counts of wire fraud in violation of 18 U.S.C. § 1343, in connection with a scheme the Court of Appeals described as follows:

> In 2008, Kevin Reed operated Lambert Clark Group and affiliated companies that he claimed were able to make loans of between $50 million and $1 billion to entrepreneurs and start-ups. Reed charged would-be clients advance fees of between $10,000 and $50,000 to apply for these loans. His claims were lies: Reed's companies had no funds to lend, and while Reed and his co-defendants took in over $200,000 from six would-be clients, they never closed a loan.

*United States v. Reed*, 859 F.3d 468, 470 (7th Cir. 2017).

Reed's co-defendants, Ralph Sweitzer and James Chatham, pleaded guilty. In October 2013, the Court set Reed's case for trial on October 6, 2014. In September 2014, as Reed's trial date approached, a change of plea hearing for Reed was set several times, but each time the matter was continued. On September 21, 2014, Reed sought a continuance of the trial date and to replace his

attorney, Ralph Meczyk. The Court granted Meczyk leave to withdraw and continued the trial date to April 13, 2015 (and subsequently to April 20, 2015). Stephen Richards and Joshua Richards entered appearances as new counsel for Reed.

Reed's jury trial began on April 20, 2015. On the fourth day of trial, Reed's counsel informed the Court that Reed had decided to plead guilty, and Reed entered a blind guilty plea to all six counts of the indictment. About five months later, Reed obtained substitute counsel, Thomas Leinenweber, and then moved to withdraw his guilty plea. In support of his motion, Reed submitted an affidavit in which he claimed that trial counsel had been ill-prepared and failed to pay attention at trial. (Case No. 13 CR 347, ECF No. 160-1, Aff. of Kevin Reed.) In his motion, Reed said that he was "left with the incorrect impression that pleading guilty was his only option to remedy his trial counsel's inadequate performance." (Case No. 13 CR 347, ECF No. 160, Def.'s Mot. Withdraw Guilty Plea.) The Court denied the motion, explaining that Reed had stated under oath during his plea colloquy that he was satisfied with counsel's representation and had referred to him as "excellent," and that Reed's claims of counsel's ineffectiveness were vague. (Case No. 13 CR 347, ECF No. 175, Order of Apr. 7, 2016.)

The Court sentenced Reed to a term of 64 months' imprisonment. Reed appealed, raising two arguments: (1) he should have been allowed to withdraw his guilty plea because it was involuntary; and (2) at sentencing, the Court erred in failing to address his principal argument in mitigation, that a prison sentence would impose an extraordinary hardship on his family. The Court of Appeals affirmed the judgment.

Reed now moves for post-conviction relief, raising claims of ineffective assistance of counsel, prosecutorial misconduct, and violation of the Speedy Trial Act. Reed also seeks extensive

attorney, Ralph Meczyk. The Court granted Meczyk leave to withdraw and continued the trial date to April 13, 2015 (and subsequently to April 20, 2015). Stephen Richards and Joshua Richards entered appearances as new counsel for Reed.

Reed's jury trial began on April 20, 2015. On the fourth day of trial, Reed's counsel informed the Court that Reed had decided to plead guilty, and Reed entered a blind guilty plea to all six counts of the indictment. About five months later, Reed obtained substitute counsel, Thomas Leinenweber, and then moved to withdraw his guilty plea. In support of his motion, Reed submitted an affidavit in which he claimed that trial counsel had been ill-prepared and failed to pay attention at trial. (Case No. 13 CR 347, ECF No. 160-1, Aff. of Kevin Reed.) In his motion, Reed said that he was "left with the incorrect impression that pleading guilty was his only option to remedy his trial counsel's inadequate performance." (Case No. 13 CR 347, ECF No. 160, Def.'s Mot. Withdraw Guilty Plea.) The Court denied the motion, explaining that Reed had stated under oath during his plea colloquy that he was satisfied with counsel's representation and had referred to him as "excellent," and that Reed's claims of counsel's ineffectiveness were vague. (Case No. 13 CR 347, ECF No. 175, Order of Apr. 7, 2016.)

The Court sentenced Reed to a term of 64 months' imprisonment. Reed appealed, raising two arguments: (1) he should have been allowed to withdraw his guilty plea because it was involuntary; and (2) at sentencing, the Court erred in failing to address his principal argument in mitigation, that a prison sentence would impose an extraordinary hardship on his family. The Court of Appeals affirmed the judgment.

Reed now moves for post-conviction relief, raising claims of ineffective assistance of counsel, prosecutorial misconduct, and violation of the Speedy Trial Act. Reed also seeks extensive

discovery and an evidentiary hearing.

## DISCUSSION

Section 2255 allows a defendant to move to vacate, set aside, or correct a sentence that was imposed in violation of the Constitution or laws of the United States, was imposed by a court that lacked jurisdiction, was in excess of the maximum authorized by law, or is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). A court may deny a § 2255 motion without an evidentiary hearing if "the motion and the files and records of the case conclusively show" that the defendant is not entitled to relief. *Id.* § 2255(b). Relief under § 2255 "is available only in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice." *Blake v. United States*, 723 F.3d 870, 878-79 (7th Cir. 2013); *see also Almonacid v. United States*, 476 F.3d 518, 521 (7th Cir. 2007) (§ 2255 relief "is an extraordinary remedy because it asks the district court essentially to reopen the criminal process to a person who already has had an opportunity for full process").

### A. Ineffective-Assistance Claims

Reed asserts in the first six grounds of his petition that trial counsel was constitutionally ineffective in various ways. Ineffective-assistance claims are analyzed under the two-part *Strickland* test. *United States v. Lindsay*, 157 F.3d 532, 534 (7th Cir. 1998) (citing *Strickland v. Washington*, 466 U.S. 668, 688 (1984)). Under *Strickland*, Reed must show (1) deficient performance, *i.e.*, that counsel's representation fell below an objective standard of reasonableness, and (2) that as a result defendant was prejudiced, in that there is a reasonable probability that, but for counsel's unprofessional errors, the outcome of the proceeding would have been different. *See United States v. Jansen*, 884 F.3d 649, 655-56 (7th Cir. 2018). "Because counsel is presumed effective, a party

3

bears a heavy burden in making a winning claim based on ineffective assistance of counsel." *Shell v. United States*, 448 F.3d 951, 955 (7th Cir. 2006) (internal punctuation and citation omitted). A petitioner must identify specific acts or omissions that are alleged to have fallen below professional norms. *Strickland*, 466 U.S. at 690. If one prong of the *Strickland* test is not satisfied, it is unnecessary to reach the other prong. *Id.* at 697.

1. **Trial Counsel**

    a. **Ground One - Plea**

    i. **Conditions and Consequences of Plea**

Reed's first contention is that trial counsel misled him about the conditions and consequences of pleading guilty. In an unsworn memorandum in support of his petition, Reed states that Stephen Richards told him that his sentencing range under the Guidelines would be "12-16" months and "promised [him] probation"; pressured him into pleading guilty by citing his family's circumstances and telling him that defendants who go to trial have "harsh consequences" compared with those who plead guilty; and told him that the plea was limited to the six victims listed in the indictment, with restitution of up to $190,000.00.[1] (ECF No. 3, Pet'r's Mem. Supp. Pet. at 8-14.)

Reed's claims contradict his prior statements made under oath. At his plea hearing, Reed affirmed that no one had made promises or assurances of any kind to him in an effort to induce him to plead guilty; no one had threatened him or attempted to force him to plead guilty against his will;

---

[1] Reed also persists in arguing that his plea was involuntary because Richards was unprepared, thus preventing him from receiving a fair trial and coercing him to plead guilty. The Court of Appeals considered and rejected this argument on direct appeal, 859 F.3d at 471-72, and there are no changed circumstances warranting its reconsideration, so it is foreclosed. *See Varela v. United States*, 481 F.3d 932, 935 (7th Cir. 2007) ("Issues that were raised on direct appeal may not be reconsidered on a § 2255 motion absent changed circumstances.").

4

he was pleading guilty of his own free will because he actually was guilty; and he understood that any representations made to him by his attorney or the government's attorneys were not binding upon the Court and the Court could reject any recommendations made by the attorneys and impose a sentence more severe than what Reed anticipated. (Case No. 13 CR 347, ECF No. 257, Tr. of Plea Hr'g at 10-11.) The prosecutor stated that because there was no plea agreement, he could not provide a final monetary figure at that time as to the restitution that would be sought. (*Id.* at 12.) Reed affirmed that he understood all possible consequences to him as a result of pleading guilty and that he understood that the sentencing range the Court ultimately determined to be applicable could differ from, and be more severe than, any estimate any attorney had given him. (*Id.* at 13-15.) Reed had no questions for the Court about any possible consequences of the plea that he did not understand or of which he was unsure. (*Id.* at 14.)

Reed offers no evidence that casts doubt on his sworn statements during the plea colloquy, nor does he provide any reason why the Court should ignore his prior sworn testimony. Accordingly, this portion of Ground One does not entitle Reed to relief or warrant an evidentiary hearing or discovery. *See United States v. Stewart*, 198 F.3d 984, 987 (7th Cir. 1999) ("Entry of a plea is not some empty ceremony, and statements made to a federal judge in open court are not trifles that defendants may elect to disregard. A defendant has no legal entitlement to benefit by contradicting himself under oath. Thus when the judge credits the defendant's statements in open court, the game is over."); *Franklin v. United States*, 357 F. App'x 724, 725 (7th Cir. 2009) ("Franklin asserts on appeal that he would have insisted on proceeding to trial had counsel not deceived him into accepting a plea agreement. But during the plea colloquy, Franklin swore to the district court that, aside from the terms embodied in the plea agreement, he had been promised

5

nothing to cajole his admission of guilt. If counsel's supposed pledge to deliver a light sentence had been the decisive factor in Franklin's decision to plead guilty, then the plea colloquy would have been the opportune time to raise the issue.") (internal quotation marks and citation omitted); *United States v. Peterson*, 414 F.3d 825, 827 (7th Cir. 2005) ("[A] motion that can succeed only if the defendant committed perjury at the plea proceedings may be rejected out of hand unless the defendant has a compelling explanation for the contradiction.").

### ii. Pretrial Plea Offer

Next, Reed asserts that "[o]n or about" March 20, 2015, Stephen Richards "received a plea offer from the government prosecution via email." (Pet'r's Mem. Supp. Pet. at 15.) Reed says without elaboration that "[t]he offer and its conditions and consequences were not disclosed to the defendant." (*Id.*) Attached to Reed's memorandum is an unauthenticated email to Richards, evidently from the prosecutor assigned to the case, in which the prosecutor simply refers to "the plea agreement I sent you." (Pet'r's Mem. Supp. Pet., Ex. J.)

The email Reed submits is not authenticated. Second, Reed's statement is conclusory; he fails to elaborate on the extent of Richards's communications with him about any plea offers over the course of the proceedings. Reed's statement also appears carefully phrased, and it is unsworn. "[C]onclusory allegations without more are insufficient to make an ineffective assistance of counsel claim." *Davis v. United States*, No. 04-CR-30082-DRH, 2009 WL 1606900, at *3 (S.D. Ill. June 9, 2009) (citing *Kafo v. United States*, 467 F.3d 1063, 1067 (7th Cir. 2006)). A "detailed and specific" affidavit is a threshold requirement for a § 2255 petition. *Kafo*, 467 F.3d at 1067. Moreover, even if the email were authenticated and Reed's statement were verified, they are insufficient to warrant discovery or relief. Richards's involvement in Reed's case began when plea

6

negotiations, handled by previous counsel, broke down. At that stage of the proceedings, there was a plea offer that Reed had rejected. The Seventh Circuit has held that it is not ineffective assistance for subsequent counsel to fail to press a plea offer on a defendant who already rejected the offer earlier in his criminal proceedings. *Groves v. United States*, 755 F.3d 588, 592 (7th Cir. 2014). The email submitted by Reed simply refers to a proposed plea agreement that was sent to Richards at some point in time and does not suggest that Richards received a new or different plea offer from the government during his representation of Reed. In any event, Reed cannot satisfy the prejudice prong. He has repeatedly asserted and still asserts in his current petition that he was not willing to plead guilty prior to trial and cannot show that any different plea offer would have resulted in a more favorable resolution of the case.

### b. Grounds Two, Three, and Four

In Grounds Two, Three, and Four, Reed asserts that trial counsel Stephen Richards was ineffective for submitting and failing to correct an erroneous proposed jury instruction; failing to investigate the case, obtain critical evidence, and interview and subpoena "key" witnesses; and failing to impeach key government witnesses and object to evidence at trial. But Reed pleaded guilty, so he cannot establish prejudice within the meaning of *Strickland* as a result of any of these alleged shortcomings, and these claims therefore fail. To the extent Reed relies on the argument that counsel's deficient performance caused him to plead guilty, that argument is foreclosed, *see supra* note 1. In any event, Reed has not demonstrated a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have continued with the trial, nor has he provided any persuasive reason to doubt the strength of the government's case against him.

### 2. Sentencing Counsel - Ground Five

Reed asserts that his counsel at sentencing, Thomas Leinenweber, failed to interview witnesses and "search records" in preparation for the sentencing hearing. Relief is not warranted on this ground. According to Reed, counsel was ineffective for failing to interview certain victims and challenge their victim impact statements and failing to challenge the government's identification of various individuals and entities as victims, as well as failing to challenge the government's version of the offense and its calculation of restitution; the loss amount and number of victims set forth in the Presentence Investigation Report; and the sentencing enhancements. Although Reed faults counsel with respect to nearly every component of his sentence, his treatment of each issue is perfunctory. A § 2255 petition cannot stand on conclusory and unsupported assertions. *Fuller v. United States*, 398 F.3d 644, 652 (7th Cir. 2005) (a petitioner fails to demonstrate any possibility that he suffered prejudice as a result of sentencing counsel's performance when he does not point to any specific evidence he would have presented that would create a reasonable probability that the result of the sentencing proceedings would have been different). Reed's argument that his sentence "violated the agreed conditions and consequences" of his plea, (Pet'r's Mem. Supp. Pet. at 28), is based on a mischaracterization of the plea colloquy. Furthermore, Reed asserts that several victims of the fraud "lied" about his involvement in the scheme, but the purported lies are not evident from Reed's rambling discussion or the exhibits he cites (in the few instances where an exhibit is cited; most of the discussion is devoid of citations to any evidence). Reed offers only unsupported speculation about the victims' credibility, and he does not explain what an investigation would have produced or how it would have helped him at sentencing. The same is true as to the loss and restitution calculations and the number of victims; Reed does not provide any reason to doubt the

calculations the Court adopted.[2]

### 3. Appellate Counsel - Ground Six

Next, Reed contends that Matthew McQuaid, who was his appellate counsel but who also filed in this court Reed's motion to withdraw his guilty plea, was ineffective for failing to include sufficient details and for failing to make a "constitutional argument" therein. This argument misses the mark. Although the motion to withdraw the plea did not cite any particular constitutional authority, counsel did argue that trial counsel's ineffectiveness had given Reed the "only option" of pleading guilty. (Def.'s Mot. Withdraw Guilty Plea at 1.) In any event, Reed does not meet his burden of showing that counsel's failure to include more details or failure to develop an argument that was explicitly labeled as "constitutional" affected the outcome of the motion. In its order denying the motion, the Court construed Reed's argument as a Sixth Amendment claim and stated that Reed appeared to be asserting that trial counsel's advice to plead guilty fell below constitutional standards. (Case No. 13 CR 347, ECF No. 175, Order, at 1-3.) The Court discussed Reed's plea colloquy in detail and found that he could not overcome his sworn testimony during that colloquy. And, in addition to noting the vagueness of Reed's arguments, the Court held that Reed did not show how the outcome might have been different had trial counsel not committed the purported errors. Reed's contention that appellate counsel should have made "a constitutional argument" is, like many of his other contentions, vague. Reed does not say what, in particular, counsel should have argued or cited, and he does not explain how any such argument could have overcome his admissions during the plea colloquy.

---

[2] Moreover, a challenge to a restitution order is not cognizable in a § 2255 proceeding. *Virsnieks v. Smith*, 521 F.3d 707, 718 (7th Cir. 2008).

Reed also asserts that appellate counsel was ineffective for failing to include all the arguments on appeal that Reed wanted him to raise. To succeed on this claim, Reed must demonstrate that appellate counsel failed to argue "an issue that is both obvious and clearly stronger than the issues actually raised." *Makiel v. Butler*, 782 F.3d 882, 898 (7th Cir. 2015) (internal quotation marks omitted); *see also Stallings v. United States*, 536 F.3d 624, 627 (7th Cir. 2008) ("When a petitioner contends that his appellate counsel was ineffective because counsel overlooked a meritorious argument, [the Court] first examine[s] the record to see whether the appellate attorney in fact omitted 'significant and obvious' issues. . . . [The Court] shall not second-guess strategic decisions that were arguably appropriate at the time but that hindsight has revealed to be unwise.") (citations omitted). Reed fails to make this showing. Reed asserted on appeal that his plea was involuntary and that the Court at sentencing had failed to address his principal argument in mitigation of extraordinary hardship on his family. Although Reed complains now that McQuaid failed to "raise constitutional claims" and present "issues" in the appeal that he had requested McQuaid to raise, (Pet'r's Mem. Supp. Pet. at 34-35), Reed does not say what those claims or issues were and does not develop any argument about why they were stronger than the issues raised or how they would have changed the outcome of his appeal. Reed again relies on vagueness, to no avail.

**B.     Prosecutorial Misconduct Claim - Ground Seven**

In Ground Seven, Reed maintains that the government committed prosecutorial misconduct by restricting the dates set forth in the indictment to mislead the grand jury and omit his co-defendants' solicitation of victims and "minimize [their] fraud on Reed"; using false testimony before the grand jury and at trial; withholding the identities of Reed's accusers "until the day before trial"; and failing to provide FBI 302 reports for certain witnesses. (*Id.* at 36-38.) Reed could have

10

raised these claims on direct appeal, but did not; accordingly, they are procedurally defaulted. *See Ballinger v. United States*, 379 F.3d 427, 429 (7th Cir. 2004). In addition, Reed's guilty plea waived any defects in the proceedings that occurred before the plea. *See Jackson v. Bartow*, 930 F.3d 930, 932 (7th Cir. 2019) (citing *Gomez v. Berge*, 434 F.3d 940 (7th Cir. 2006)).

**C.     Speedy Trial Act Claim - Ground Eight**

Reed's final claim is that his constitutional right to a speedy trial was violated because the Court entered Speedy Trial Act exclusions without a proper basis. Ground Eight fails for the same reasons as Ground Seven: it is procedurally defaulted and was waived by the entry of Reed's guilty plea. Furthermore, Reed fails to articulate any prejudice as a result of the alleged violations.

**D.     Motions for Discovery and an Evidentiary Hearing**

For the reasons explained above, Reed has failed to show any basis for discovery or an evidentiary hearing.

**E.     Certificate of Appealability**

Under Rule 11(a) of the Rules Governing Section 2255 Proceedings, the Court must issue or deny a certificate of appealability when it enters a final order adverse to the petitioner. The Court declines to issue a certificate of appealability. A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Court finds that Reed has failed to show that reasonable jurists (1) would find this Court's "assessment of the constitutional claims debatable or wrong," or (2) would find it "debatable whether the petition states a valid claim of the denial of a constitutional right" and "whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

## CONCLUSION

Kevin Reed's petition to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [1] and his motions for an evidentiary hearing and discovery [17][19] are denied. The Court declines to issue a certificate of appealability. Civil case terminated.

**DATE**: September 24, 2019

**Ronald A. Guzmán**
**United States District Judge**